

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

---

**DERRICK NICHOLSON,**

Plaintiff,

v.

**TROOPER CALEB WICKSTORM,** in his individual capacity,

Defendant.

---

**CIVIL ACTION NO.** _____

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS(42 U.S.C. § 1983)**

**JURY TRIAL DEMANDED**

---

*Page 1 of 15*

---

# I. NATURE OF ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress violations of Plaintiff's rights under the Fourth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, along with declaratory relief, arising from an unlawful traffic stop, wrongful arrest, and malicious prosecution initiated by Defendant Trooper Caleb Wickstorm of the Georgia State Patrol on June 8, 2019.

# II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

3. Venue is proper in the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1391(b) because Defendant resides and is employed in this district, and a substantial part of the events giving rise to the claims occurred in Chatham County, Georgia, which is within this division.

*Page 2 of 15*

# III. PARTIES

## A. Plaintiff

4. Plaintiff Derrick Nicholson is an individual residing at 2165 N.W. 99th Terrace, Miami, Florida 33147. At all times relevant to this complaint, Plaintiff was a resident of Florida and was visiting Savannah, Georgia.

## B. Defendant

5. Defendant Trooper Caleb Wickstorm is a law enforcement officer employed by the Georgia State Patrol, Georgia Department of Public Safety. At all times relevant to this complaint, Defendant was acting under color of state law in his official capacity as a Georgia State Trooper.

6. Defendant is sued in his individual capacity for violations of Plaintiff's constitutional rights.

7. At all times relevant to this complaint, Defendant was assigned to duties in Chatham County, Georgia, and surrounding areas within the Southern District of Georgia.

8. **Defendant Trooper Caleb Wickstorm may be served with process at the following addresses:**

   **Primary Service Address:**
   Trooper Caleb Wickstrom
   c/o Georgia State Patrol – Post 42 (Rincon)
   2792 Highway 21 South
   Rincon, Georgia 31326

   **Alternate Service Address:**
   Trooper Caleb Wickstrom
   c/o Georgia Department of Public Safety
   959 United Avenue SE

Atlanta, Georgia 30316

*Page 3 of 15*

# IV. FACTUAL ALLEGATIONS

## A. The Traffic Stop (June 8, 2019)

8. On June 8, 2019, at approximately 11:30 p.m., Plaintiff was operating a motor vehicle with Florida license plates on the expressway in Savannah, Georgia, Chatham County.

9. Plaintiff had just left a friend's residence in the Yamacraw Village area and was traveling home.

10. Plaintiff was not driving under the influence of alcohol or any other substance at the time.

11. Plaintiff was driving safely and in compliance with all traffic laws.

12. Defendant Trooper Wickstorm, without reasonable suspicion or probable cause, initiated a traffic stop of Plaintiff's vehicle.

13. The purported basis for the stop was "failure to maintain lane," a traffic violation under Georgia law.

14. Upon information and belief, Defendant targeted Plaintiff for a traffic stop based on pretextual reasons, including that Plaintiff was driving a vehicle with out-of-state (Florida) license plates late at night in an area near downtown Savannah.

*Page 4 of 15*

## B. The Stop and Field Sobriety Testing

15. After stopping Plaintiff's vehicle, Defendant approached and requested Plaintiff's driver's license.

16. Defendant observed that Plaintiff possessed a valid Florida driver's license.

17. Without reasonable suspicion that Plaintiff was impaired or had committed any crime, Defendant immediately ordered Plaintiff to exit the vehicle.

18. Defendant then directed Plaintiff to perform field sobriety tests, including a walking test.

19. Plaintiff cooperated fully with Defendant's requests.

## C. The Breathalyzer Attempt and Arrest

20. After the field sobriety test, Defendant removed a portable breathalyzer device from the front of his uniform shirt.

21. The breathalyzer device appeared to have a used mouthpiece tip already attached to it.

22. At the time of this incident (June 2019), the COVID-19 pandemic had begun to emerge, and there was widespread public concern about contagious diseases and unsanitary conditions.

*Page 5 of 15*

23. Defendant immediately attempted to force the breathalyzer mouthpiece into Plaintiff's mouth without offering to replace the used tip with a clean, sanitary mouthpiece.

24. Plaintiff, concerned about potential exposure to diseases or contamination from a previously used mouthpiece, respectfully asked Defendant to please change the device tip before administering the breath test.

25. Plaintiff's request was reasonable, polite, and based on legitimate health and safety concerns.

26. Rather than accommodating Plaintiff's reasonable request or explaining the testing procedure, Defendant became hostile.

27. Defendant immediately ordered Plaintiff to place his hands behind his back.

28. Defendant arrested Plaintiff without probable cause.

## D. The Criminal Charges

29. Defendant charged Plaintiff with:

  - Driving Under the Influence (DUI), and
  - Failure to Maintain Lane.

30. Plaintiff was taken into custody and transported to jail.

*Page 6 of 15*

## E. Defects in the Traffic Stop and Charges

31. Upon information and belief, Defendant never actually observed Plaintiff commit any traffic violation that would justify the initial stop.

32. **No citation was ever issued to Plaintiff for the alleged "failure to maintain lane"**

**violation.**

33. **Plaintiff never received any traffic ticket from Defendant Wickstorm.**

34. **Plaintiff never signed any citation or ticket acknowledging the alleged traffic violation.**

35. Upon information and belief, Defendant never completed or filed a proper citation for the alleged traffic offense, indicating that no valid basis for the stop existed.

36. The absence of a citation or ticket demonstrates that Defendant lacked probable cause for the initial traffic stop and subsequent arrest.

## F. The Criminal Accusation

37. The criminal case was initiated in the Recorder's Court of Chatham County under case number **RCC 19-28517**, with an entry date of June 10, 2019.

38. The case was subsequently transferred to the State Court of Chatham County under case number **STCR19-05962**.

*Page 7 of 15*

39. The accusation (charging document) filed against Plaintiff for "failure to maintain lane" was legally defective.

40. Specifically, the accusation failed to allege that Plaintiff failed to ensure that it was safe to change lanes before doing so—an essential element required to state a complete offense under Georgia law.

41. By omitting this required element, the accusation was facially defective and did not adequately apprise Plaintiff of the nature of the charges against him.

## G. Lack of Evidence

42. Defendant Wickstorm did not obtain any video recording (dashcam or body camera) of the traffic stop, field sobriety test, or arrest.

43. Defendant did not obtain any breath test result from Plaintiff, as Plaintiff declined to use the unsanitary mouthpiece and Defendant immediately arrested him.

44. There was no other physical evidence, witness testimony, or documentation to support a finding that Plaintiff was driving under the influence or had committed any traffic violation.

45. Despite the complete absence of evidence supporting the DUI charge, Defendant proceeded with the arrest and prosecution.

*Page 8 of 15*

## H. The Criminal Prosecution

46. Plaintiff was forced to defend himself against the baseless DUI and traffic charges from June 2019 through April 2024—a period of nearly five years.

47. During the pendency of the criminal case, Plaintiff filed a motion to suppress evidence and/or quash the charges based on the defective accusation and lack of probable cause.

48. The State of Georgia and Defendant Wickstorm never responded to Plaintiff's motion.

49. On or about **April 16, 2024**, the criminal charges against Plaintiff were **dismissed** by the State Court of Chatham County.

50. The dismissal of the charges constitutes a favorable termination of the criminal proceedings in Plaintiff's favor.

## I. Harm to Plaintiff

51. As a direct and proximate result of Defendant Wickstorm's unlawful conduct, Plaintiff suffered:

    • Unlawful detention and arrest on June 8, 2019;

    • Incarceration in the Chatham County jail;

    • Damage to his reputation and standing in the community;

    • Emotional distress, anxiety, and humiliation;

*Page 9 of 15*

    • The burden and expense of defending against meritless criminal charges for nearly five years;

    • Loss of employment opportunities due to the pending DUI charge, including being unable to secure commercial driving positions;

    • Stress and disruption to his personal and family life; and

    • Other damages to be proven at trial.

52. Plaintiff continues to suffer ongoing harm as a result of Defendant's misconduct.

# V. CAUSES OF ACTION

## COUNT I: Unreasonable Seizure in Violation of the Fourth Amendment (42 U.S.C. § 1983)

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures by government officials.

55. A traffic stop constitutes a seizure under the Fourth Amendment and must be supported by reasonable suspicion that a traffic violation or other criminal activity has occurred.

*Page 10 of 15*

56. Defendant Trooper Wickstorm lacked reasonable suspicion or probable cause to stop Plaintiff's vehicle on June 8, 2019.

57. Defendant's claim that Plaintiff committed a "failure to maintain lane" violation was pretextual and unsupported by objective evidence.

58. The fact that no citation was ever issued to Plaintiff, and that Plaintiff never received or signed a ticket, strongly indicates that no valid traffic violation occurred.

59. Defendant's stop of Plaintiff's vehicle was unlawful and violated Plaintiff's Fourth Amendment rights.

60. Defendant is liable to Plaintiff under 42 U.S.C. § 1983 for this constitutional violation.

## COUNT II: False Arrest in Violation of the Fourth Amendment (42 U.S.C. § 1983)

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. The Fourth Amendment protects individuals from arrest without probable cause.

*Page 11 of 15*

63. Defendant Trooper Wickstorm arrested Plaintiff on June 8, 2019, without probable cause to believe that Plaintiff had committed any crime.

64. Plaintiff was not driving under the influence of alcohol or drugs.

65. Defendant had no objective evidence of impairment or intoxication.

66. Defendant did not conduct a valid chemical breath test.

67. Defendant arrested Plaintiff solely because Plaintiff made a reasonable and polite request to use a clean mouthpiece for the breathalyzer test.

68. A reasonable officer in Defendant's position would not have concluded that probable cause existed to arrest Plaintiff for DUI or any other offense.

69. Defendant's arrest of Plaintiff was unlawful and violated Plaintiff's Fourth Amendment rights.

70. Defendant is liable to Plaintiff under 42 U.S.C. § 1983 for this constitutional violation.

Page 12 of 15

## COUNT III: Malicious Prosecution in Violation of the Fourth Amendment (42 U.S.C. § 1983)

71. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

72. Defendant Trooper Wickstorm initiated and continued a criminal prosecution against Plaintiff without probable cause.

73. The accusation filed against Plaintiff was legally defective and failed to state a complete offense.

74. Defendant had no video evidence, breath test result, or other credible evidence to support the DUI charge.

75. No citation or ticket was ever issued for the alleged traffic violation.

76. Despite the complete absence of probable cause and evidence, Defendant caused the criminal prosecution to continue against Plaintiff for nearly five years.

77. On April 16, 2024, the criminal charges were dismissed, constituting a favorable termination of the proceedings in Plaintiff's favor.

78. Defendant's conduct in initiating and maintaining the baseless prosecution violated Plaintiff's Fourth Amendment right to be free from prosecution without probable cause.

Page 13 of 15

79. Defendant is liable to Plaintiff under 42 U.S.C. § 1983 for this constitutional violation.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Derrick Nicholson respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Issue a declaratory judgment that Defendant Trooper Caleb Wickstorm violated Plaintiff's rights under the Fourth Amendment to the United States Constitution;

C. Award Plaintiff compensatory damages in an amount to be determined at trial, including damages for:

- False arrest and unlawful detention;
- Emotional distress, humiliation, and anxiety;
- Damage to reputation;
- Loss of employment opportunities;
- Legal expenses and costs incurred in defending the criminal charges; and
- Other economic and non-economic damages.

---

*Page 14 of 15*

---

D. Award Plaintiff punitive damages in an amount sufficient to punish Defendant and deter similar future conduct;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, should Plaintiff retain counsel;

F. Grant a trial by jury on all issues so triable; and

G. Grant such other and further relief as this Court deems just and proper.

---

# VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

---

Respectfully submitted this 11th day of March, 2026.

**Derrick Nicholson**
*Pro Se Plaintiff*
2165 N.W. 99th Terrace
Miami, Florida 33147
Telephone: (786) 515-3457
Email: derrick.nicholson@aol.com

---

*Page 15 of 15*

---

# VERIFICATION

Derrick L. Nicholson
2165 N.W. 99 Ten
Miami FL. 33147



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 1499 4204 20

*Retail*


UNITED STATES
POSTAL SERVICE®


31412

RDC 99

U.S. POSTAGE
FCM LG ENV
MIAMI, FL 331
MAR 12, 2026

**$8.30**

S2324A502326

INSPECTED BY
MAR 19 2026
U.S. Marshals Service/SGA

US. DIStRICt COURt
Southern District of Georgia
P.O. Box 8286
Savanah GA 31412